**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-02240-VAP (DTBx)                    Date:  January 2, 2014

Title:     SERGIO RIOS, REAL THIRD PARTY FOR THE INTEREST -v- THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CWABS INC., ASSET-BACKED CERTIFICATS, SERIES 2006-SD2. AND DOES 1 THROUGH 10 INCLUSIVE

================================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                              None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                DEFENDANTS:

    None                                                            None

PROCEEDINGS:     MINUTE ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF STANDING, LACK OF SUBJECT-MATTER JURISDICTION, AND LACK OF JURISDICTION TO GRANT RELIEF, AND GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (DOC. NOS. 9, 10) (IN CHAMBERS)

    On December 5, 2013, pro se Plaintiff Sergio Rios, "Real Third Party for the Interest" ("Plaintiff") filed a Complaint against Defendants Bank of New York Mellon, formerly known as Bank of New York, as Trustee for the Benefit of the Cwabs Inc., Asset-backed Certificats, Series 2006-sd2 [sic] ("Bank of New York Mellon") and

EDCV 13-02240-VAP (DTBx)
SERGIO RIOS, REAL THIRD PARTY FOR THE INTEREST v. THE BANK OF NEW YORK MELLON, et al.
MINUTE ORDER of January 2, 2014

Recontrust Company, a California corporation ("Recontrust") (collectively, "Defendants"). (Compl. at 1.) After finding that it was unclear whether Plaintiff has standing to bring this action, whether the Court has subject-matter jurisdiction over this action, and whether the Court has the jurisdiction to grant relief sought by Plaintiff, the Court issued an order on December 13, 2013 (Doc. No. 7) ("December 13, 2013 Order"), requiring Plaintiff to show cause regarding standing, subject-matter jurisdiction, and relief sought, not later than December 23, 2013. Plaintiff timely filed a Response to the Court's December 13, 2013 Order (Doc. No. 8) ("Response") on December 23, 2013, asserting only that this Court can exercise diversity jurisdiction over this action. With his Response, Plaintiff has submitted a Request for Judicial Notice (Doc. Nos. 9, 10) ("RJN"), for (1) Grant Deed Document #2011-0517662, recorded with the County of Riverside on November 21, 2011; (2) Summons and Complaint for Unlawful Detainer, filed by Bank of New York Mellon against Waldemar Rios, on May 31, 2013; (3) Copy of Public Law 35, signed on February 16, 1905, which created California Code of Civil Procedure 1161; and (4) Copy of Public Law 35, Chapter 393, signed on May 14, 1929, which created California Code of Civil Procedure 1161(a). For the reasons set forth below, the Court GRANTS Plaintiff's RJN, but DISMISSES this action for lack of standing, lack of subject-matter jurisdiction, and lack of jurisdiction to grant relief sought by Plaintiff.

First, with regard to the RJN, a court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). Since the submitted grant deed, Bank of New York Mellon's complaint in the Riverside County Superior Court, and copies of laws enacted in California are matters of public record, they are appropriate for judicial notice. Accordingly, the Court GRANTS Plaintiff's RJN.

Turning to the issue of standing, Plaintiff represents himself in the Complaint as a "Real Third Party for the Interest," "a Real Party of Interest (Homeowner)," and a "Beneficiary of the Birth Trust." (Compl. at 1, 6, 8.) In the affidavit filed in support of the Complaint (Doc. No. 2) ("Affidavit"), Plaintiff alleges he is "the true real party of interest and 'owner' of the real property located at 22130 Rosary Avenue, Nuevo CA 92567," "Grantor and Entitlement Holder," and "Grantor and Beneficiary of the Birth Trust." (Aff. at 2, 4, 5.) Although Plaintiff appears to assert standing as the owner of

**EDCV 13-02240-VAP (DTBx)**
**SERGIO RIOS, REAL THIRD PARTY FOR THE INTEREST v. THE BANK OF NEW YORK MELLON, et al.**
**MINUTE ORDER of January 2, 2014**

the real property at 22130 Rosary Avenue in Nuevo, California ("Property") and as the subject of an unlawful detainer action by Defendants in the Riverside County Superior Court for his possession of the Property, Plaintiff's various self-descriptions in the Complaint – in particular, his self-reference in the caption as the "Real Third Party" – raises questions about his standing to bring this action before the Court. Although the Court identified this issue for Plaintiff in the December 13, 2013 Order, Plaintiff did not provide answers to the Court's questions on his standing in his Response. (See generally Resp.) As Plaintiff's standing to sue remains uncertain and the Court's questions unanswered, the Court DISMISSES the Complaint without prejudice for lack of standing.

Also in the Complaint, Plaintiff asserts this Court has jurisdiction based on federal question and diversity jurisdiction grounds. (See Compl. ¶¶ 3-6.) "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). Under 28 U.S.C. § 1331, the Court has jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987). Under 28 U.S.C. § 1332(a), the Court has diversity jurisdiction over civil actions that commenced in state courts when the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

Here, Plaintiff asserts this Court has federal question jurisdiction over this action. (Compl. ¶¶ 3, 4 (citing 28 U.S.C. § 1331).) Although Plaintiff lists a number of federal statutes that Defendants allegedly violated (id. at 1), the Complaint itself is devoid of any federal claim, but only alleges that Defendants misapplied California Code of Civil Procedure §§ 1161-1161(a), and requests this Court to vacate all orders and judgments in an unlawful detainer action currently in the Riverside

EDCV 13-02240-VAP (DTBx)
SERGIO RIOS, REAL THIRD PARTY FOR THE INTEREST v. THE BANK OF NEW YORK MELLON, et al.
MINUTE ORDER of January 2, 2014

County Superior Court. (Id. at 7.) In the Response, Plaintiff does not assert any ground for the Court's federal question jurisdiction, either. (See generally Resp.) Plaintiff has thus failed to provide a basis upon which this Court may exercise federal question jurisdiction.

Similarly, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that Bank of New York Mellon, the only defendant listed in the caption of the Complaint, is a citizen of Delaware, but states that Recontrust, an additional defendant named in the body of the Complaint, is a citizen of California, thus destroying complete diversity. (See Compl. ¶¶ 7, 8.) See Owen Equip., 437 U.S. at 373. Moreover, the Complaint makes no allegation regarding the amount in controversy. Nor does it provide any indication that the amount in controversy exceeds $75,000.

In his Response, Plaintiff re-asserts that the Court has diversity jurisdiction over this action, insisting that his California citizenship and Bank of New York Mellon's New York citizenship establishes complete diversity. (Resp. at 3-4.) Diversity of citizenship between Plaintiff and Bank of New York Mellon, however, is not sufficient to establish complete diversity in this case. Diversity of citizenship must also exist between Plaintiff and Recontrust. As both Plaintiff and Reconstrust are California citizens, complete diversity does not exist here. (See Compl. ¶ 8; Resp. at 3-4.) See also Owen Equip., 437 U.S. at 373 (holding that federal courts lack subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff") Plaintiff thus has failed to establish complete diversity in this action.

Plaintiff also asserts in the Response that he alleged "'damages in an amount . . . greater than $75,000'" in the "Prayer for Relief" section of the Complaint. (Resp. at 4.) Plaintiff does indicate on the Civil Cover Sheet accompanying the Complaint that the "Money Demanded in Complaint" is "$+75,000.00." (Civil Cover Sheet (Doc. No. 1) at 1.) The Complaint itself, however, does not make any reference to "damages in an amount . . . greater than $75,000." (See Compl. at 6-8.) Even if Plaintiff's response on the Civil Cover Sheet is taken as a proper assertion of the amount in controversy, Plaintiff has failed to show that the Court has diversity jurisdiction, as he cannot establish complete diversity between the parties in this

EDCV 13-02240-VAP (DTBx)
SERGIO RIOS, REAL THIRD PARTY FOR THE INTEREST v. THE BANK OF NEW YORK MELLON, et al.
MINUTE ORDER of January 2, 2014

action.  The Court thus DISMISSES the Complaint for lack of subject-matter jurisdiction.

Finally, in the Complaint, Plaintiff asks this Court to "[v]acate all orders, judgments, rulings, writs and determinations in all Unlawful Detainer complaints" filed by Defendants against Plaintiff, and to "[e]njoin Defendants from further Unlawful Detainer actions against the subject property owned by" Plaintiff.  (Id. at 7.)  A federal district court does not have jurisdiction to review state court rulings.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005).  A losing party in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States District Court."  Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  As this Court does not have the jurisdiction to vacate state judgments or enjoin ongoing state proceedings, Plaintiff seeks relief that the Court cannot grant.  In addition, the requested relief runs afoul of the Anti-Injunction Act, as a federal court may not enjoin an ongoing state court proceeding.  See 28 U.S.C. § 2283.  Although the Court in its December 13, 2013 Order gave Plaintiff an opportunity to explain why this Court has the power to grant the relief he seeks, he fails to address this question entirely in the Response.  (See generally Resp.)  As it is clear that the Court does not have the power to vacate state judgments or enjoin ongoing state proceedings, and as Plaintiff has failed to show that this Court has the jurisdiction to grant relief in this action, the Court DISMISSES the Complaint for lack of jurisdiction to grant remedies sought.

Accordingly, the Court DISMISSES the Complaint without prejudice for lack of standing, lack of subject-matter jurisdiction, and lack of jurisdiction to grant relief requested.

**IT IS SO ORDERED.**

MINUTES FORM 11                                              Initials of Deputy Clerk __md___
CIVIL -- GEN                          Page 5